# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR L. LINDSEY,<br><br>    Plaintiff,<br><br>vs.<br><br>TAIT,<br><br>    Defendant. | 1:18-cv-00878-LJO-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE ISSUED ON DECEMBER 3, 2018<br>(Doc. No. 21)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLERK TO SERVE DEFENDANT TAIT ON BEHALF OF PLAINTIFF, AS UNNECESSARY<br>(Doc. No. 23)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY AND MODIFY THE DISCOVERY AND SCHEDULING ORDER<br>(Doc. No. 18) |

Plaintiff Arthur L. Lindsey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's complaint for excessive force in violation of the Eighth Amendment against Sergeant Tait in his individual capacity.

**I.    Order to Show Cause**

On October 25, 2018, Defendant Tait filed a motion for summary judgment for the failure to exhaust available administrative remedies. Fed. R. Civ. P. 56. (Doc. No. 17.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir.1988). (Doc. No. 17-2.)

1

Plaintiff failed to respond to the motion or otherwise contact the Court within the twenty-one-day response deadline. Local Rule 230(l). As a result, on December 3, 2018, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute. (Doc. No. 21.) The Court further ordered that Plaintiff could comply with the order to show cause by filing an opposition or non-opposition to Defendant's summary judgment motion within fourteen days. (*Id*. at 2.)

On December 17, 2018, Plaintiff filed an opposition to Defendant's summary judgment motion. (Doc. No. 22.) Accordingly, the order to show cause shall be discharged.

## II. Plaintiff's Motion For Service

Along with his opposition, Plaintiff filed a motion requesting that the Clerk of the Court be directed to make a paper copy of the opposition and serve it on Defendant, on his behalf. (Doc. No. 23.)

As discussed in this Court's First Information Order issued to Plaintiff on June 27, 2018, (Doc. No. 5), defense counsel will be automatically served electronically with the documents that Plaintiff files with the Clerk:

> Once an attorney for a defendant appears in a *pro se* plaintiff's civil rights action (by filing an answer, a motion to dismiss, a motion for summary judgment, etc.), that attorney's office will receive notice of all filings through the Court's electronic filing system (ECM/ECF). A *pro se* plaintiff need not serve documents on counsel for a defendant; the date of the electronic Notice from ECM/ECF is the date of service. Local Rule 135(a).

(*Id*. at **IV**.) Here, Defendants have been electronically served, and have now filed a reply to Plaintiff's opposition. (Doc. No. 24.)

Therefore, Plaintiff's motion will be denied as unnecessary, because Defendant has been served electronically with Plaintiff's opposition as of the date that it was entered by the Court.

## III. Defendant's Motion to Stay Discovery and Modify Discovery and Scheduling Order

Defendant has also filed a motion to stay discovery, and to modify the discovery and scheduling order, pending a determination of the pending summary judgment motion. (Doc. No. 18). Plaintiff has not responded to the motion requesting a stay, and it is deemed submitted. Local Rule 230(l).

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

Defendant argues that a stay of all discovery, except that pertaining to the subject of exhaustion, is appropriate because the pending summary judgment motion could dispose of this entire action, and no further discovery on exhaust is necessary to determine the motion. Defendant further argues that he has pursued the exhaust defense with due diligence, and vacating the pending deadlines will avoid the expenditure of resources while that motion is determined.

Considering the motion and the record, the Court finds that Defendant has met the burden of showing good cause to stay all non-exhaustion related discovery. Proceeding with discovery that is not related to the potentially dispositive motion will result in unnecessary motion practice, litigation costs, and a waste of judicial resources. If Defendant's motion does not resolve this case, Plaintiff will not be prejudiced by a modest delay in proceeding with non-exhaustion related discovery.

Defendant's motion was filed only two days after discovery opened, and the motion is now fully briefed. Thus, the discovery stay and change in deadlines will cause little disruption of the schedule in this case. Further, the Court will set expedient dates to resolve this matter once the pending summary judgment motion is finally decided, if this case will continue, further minimizing any delay.

**IV.     Conclusion**

Accordingly, it is HEREBY ORDERED that:

1. The order to show cause issued on December 3, 2018 (Doc. No. 21) is discharged;

2. Plaintiff's motion to serve Defendant Tait, filed on December 17, 2018 (Doc. No. 23), is denied as unnecessary;

3. Defendant's motion to stay discovery and vacate the pending deadlines in the discovery and scheduling order, filed on November 6, 2018 (Doc. No. 18), is granted;

4. Non-exhaustion related discovery is stayed in this matter;

5. The discovery deadline and dispositive motion deadline (for all motions other than a motion for summary judgment for failure to exhaust) in the Court's October 23, 2018 discovery and scheduling order are vacated; and

6. The Court will issue new deadlines for all discovery and for the filing of dispositive motions, if necessary, upon the resolution of Defendant's motion for summary judgment for the failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **January 2, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

4