**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTHUR L. LINDSEY, | Case No. 1:18-cv-00878-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| TAIT, | |
| Defendant. | (ECF Nos. 17, 22, 24) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Arthur L. Lindsey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's complaint for excessive force in violation of the Eighth Amendment against Defendant Sergeant Tait in his individual capacity.

On October 25, 2018, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the ground that Plaintiff failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e.[1] Fed. R. Civ. P. 56(c), Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014). (ECF No. 17.) On

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 17-2.)

1

December 17, 2018, Plaintiff filed his opposition to Defendant's motion for summary judgment. (ECF No. 22.) Defendant filed a reply on December 21, 2018. (ECF No. 24.) The motion is deemed submitted. Local Rule 230(l).

**II.   Legal Standard**

   **A.   Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits.'" Woodford v. Ngo, 548 U.S. 81, 90, 93 (2006) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." Id. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Id. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

///

///

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). "The evidence must be viewed in the light most favorable to the nonmoving party." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).

Initially, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, the ultimate burden of proof on the issue of administrative exhaustion remains with the defendant. Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

///
///
///

**III. Discussion**

    **A.    Summary of CDCR's Administrative Appeal Process**

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-health care grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is conducted by the Secretary's designated representative under the supervision of the third level Appeals Chief. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d). Unless the inmate grievance deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR Form 602 and all supporting documentation to each the three levels of review within 30 calendar days of the occurrence of the event or decision being appealed, of the inmate

first discovering the action or decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a submitted administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2), 3084.8(b). When an inmate submits an administrative appeal at any of the three levels of review, the reviewer is required to reject the appeal, cancel the appeal, or issue a decision on the merits of the appeal within the applicable time limits. Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e). If an inmate's administrative appeal is rejected, the inmate is to be provided clear instructions about how to cure the appeal's defects. Cal. Code Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1). If an inmate's administrative appeal is cancelled, the inmate can separately appeal the cancellation decision. Cal. Code Regs. tit. 15, § 3084.6(a)(3) & (e).

Since a "cancellation or rejection decision does not exhaust administrative remedies[,]" California's regulations provide that an inmate's administrative remedies are deemed exhausted when the inmate receives a decision on the merits of their appeal at the third level of review. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3). Further, California's regulations state that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the [inmate] that was not included in the originally submitted CDCR Form 602 … and addressed through all required levels of administrative review up to and including the third level." Cal. Code Regs. tit. 15, § 3084.1(b).

**B.     Summary of Factual Allegations of Plaintiff's Complaint**

The events in the complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison. Plaintiff names Sergeant Tate as the sole Defendant.

Plaintiff alleges that, on September 10, 2016, a fight between Black inmates and inmates belonging to the 2-5er gang, who are mostly Mexican, broke out during the evening meal, around 6 p.m., at the Reception Facility Building B4. When the fight started, the correctional officers ordered everyone to get down and, when he heard the command, Plaintiff moved to the floor very quickly and laid down in the prone position. After two of the fighters moved right behind Plaintiff, Plaintiff was sprayed almost directly in the face with tear gas or pepper spray. Plaintiff immediately pulled himself under the steel table, but he was wedged under the table in such a way that he could not get turned all the way flat onto his belly. Further, Plaintiff was coughing and struggling to

breathe because of the spray.

After all of the inmates who had been involved in the fight were removed from the dining room, Plaintiff was the last one to be cuffed and taken to the yard. While Plaintiff was still under the steel table, Plaintiff explained to Sergeant Tait that he could not lay flat on his belly because the iron beam attached to the seat was too close to the floor for Plaintiff to be able to turn over. Sergeant Tait then grabbed Plaintiff, pulled Plaintiff out from under the table, and pushed Plaintiff's head up and down on the floor very hard several times with his knee, which caused Plaintiff's glasses to break and caused a wound on Plaintiff's right eyelid that took 5 stitches to close. Sergeant Tait also snapped Plaintiff's neck back and forth, kicked Plaintiff in the kidney with his knee, and twisted Plaintiff's right arm up between Plaintiff's shoulder blades until Plaintiff's right hand was almost to the back of Plaintiff's head, injuring Plaintiff.

### C. Undisputed Material Facts (UMF)[2]

1. During all times relevant to the Complaint, Plaintiff was an inmate in the custody of the CDCR and was incarcerated at Wasco State Prison ("WSP"). (Compl., ECF No. 1, at 1.)
2. During all times relevant to the Complaint, Defendant R. Tait was employed by CDCR as a Correctional Sergeant at WSP. (Compl., ECF No. 1, at 2.)
3. In his Complaint, Plaintiff claims that, on September 10, 2016, at WSP, Defendant pulled Plaintiff out from under a table, pushed Plaintiff's head up and down on the floor very hard several times with his knee, snapped Plaintiff's neck when he moved it back and forth, kicked Plaintiff in the kidney with his knee, and twisted Plaintiff's right arm up between Plaintiff's shoulder blades. (Compl., ECF No. 1, at 4.)
4. On October 22, 2018, Defendant Tait filed his answer to Plaintiff's Complaint. In his

---

[2] ECF No. 17-3. Plaintiff did not provide a separate statement of undisputed facts in his opposition. Local Rule 260(a). As a result, Defendant's Statement of Undisputed Material Facts in support of his motion for summary judgment is accepted except where brought into dispute by Plaintiff's verified Complaint. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); Johnson v. Meltzer, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions). The Court declines to find that Defendant's Statement of Undisputed Material Facts is brought into dispute by anything stated in Plaintiff's opposition to Defendant's motion for summary judgment, because Plaintiff's opposition is unverified. Soto v. Unknown Sweetman, 882 F.3d 865, 872-73 (9th Cir. 2018) (statements in an unsworn or unverified pleading are not competent evidence to demonstrate a genuine issue of disputed material fact). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement.

| | |
|---|---|
| 1 | answer, Defendant pled failure to exhaust administrative remedies as an affirmative |
| 2 | defense. (ECF No. 14, at 2-3.) |

5. All CDCR institutions, including WSP, have an administrative grievance process for grieving issues that affect inmates, which contains three levels of review. (Feliciano Decl., ¶ 2; Voong Decl., ¶¶ 2-3.)

6. The first and second levels of review are handled by the local institution, here, WSP, and the third level of review is handled by CDCR's Office of Appeals ("OOA"). (Feliciano Decl., ¶ 2; Voong Decl., ¶ 2.)

7. From September 10, 2016 (the date of the incident) to June 25, 2018 (the date Plaintiff filed his Complaint), Plaintiff only submitted one inmate appeal at WSP that concerned the conduct at issue in the Complaint – Appeal No. WSP-O-17-03299. (Feliciano Decl., ¶¶ 3-7, 9 & Exs. A, B.)

8. Plaintiff submitted Appeal No. WSP-O-17-03299 on or about August 7, 2017. (Feliciano Decl., ¶ 8 & Ex. B.)

9. WSP's Appeals Office received Appeal No. WSP-O-17-03299 on or about August 18, 2017. (Feliciano Decl., ¶ 10.)

10. Because Appeal No. WSP-O-17-03299 included staff misconduct allegations, the appeal was classified as a staff complaint and, per CDCR regulations, automatically bypassed the first level of review. (Feliciano Decl., ¶ 11; Cal. Code Regs. tit. 15, § 3084.9(i)(3).)

11. On August 21, 2017, Appeal No. WSP-O-17-03299 was cancelled at the second level of review for Plaintiff's failure to comply with the applicable time constraints. (Feliciano Decl., ¶ 12 & Ex. B.)

12. Under CDCR regulations, an inmate must submit an inmate appeal within thirty calendar days of the incident being appealed. (Feliciano Decl., ¶ 13; Cal. Code Regs. tit. 15, § 3084.8(b)(1).)

13. Under CDCR regulations, an appeal may be cancelled if the inmate exceeds the time constraints for submitting the appeal despite having the opportunity to timely submit the appeal. (Feliciano Decl., ¶ 13; Cal. Code Regs. tit. 15, § 3084.6(c)(4).)

14. Since Appeal No. WSP-O-17-03299 was submitted nearly eleven months after the incident between Plaintiff and Defendant Tait and the appeal did not include any justification for the delay, the appeal was untimely. (Feliciano Decl., ¶ 14; Cal. Code Regs. tit. 15, §§ 3084.8(b)(1), 3084.6(c)(4).

15. In the August 21, 2017 second level of review cancellation letter, Plaintiff was informed that he could separately appeal the cancellation of Appeal No. WSP-O-17-03299. (Feliciano Decl., ¶ 15 & Ex. B.)

16. Notwithstanding the second level of review's August 21, 2017 cancellation letter, Plaintiff submitted Appeal No. WSP-O-17-03299 to the third level of review. (Voong Decl., ¶¶ 3-9 & Exs. A, B.)

17. On October 19, 2017, the third level of review rejected Appeal No. WSP-O-17-03299 because Plaintiff was attempting to submit an appeal that had been previously cancelled without first having successfully overturned the cancellation decision. (Voong Decl., ¶¶ 7-8, 10 & Ex. B; Cal. Code Regs. tit. 15, § 3084.6(e).)

18. In the October 19, 2017 rejection notice, the third level of review reminded Plaintiff that he could separately appeal the cancellation of Appeal No. WSP-O-17-03299, and could only resubmit Appeal No. WSP-O-17-03299 if he successfully overturned the cancellation decision. (Voong Decl., ¶ 11 & Ex. B.)

19. Plaintiff never separately appealed the cancellation of Appeal No. WSP-O-17-03299. (Feliciano Decl., ¶ 16; Voong Decl., 12.)

**D.     Analysis**

Defendant Tait argues that his motion for summary judgment should be granted and this action should be dismissed without prejudice because WSP had an available administrative grievance process, Plaintiff submitted a relevant grievance, that Plaintiff's grievance was properly cancelled as untimely, and Plaintiff failed to separately appeal the cancellation decision. (ECF No. 17-1, at 5.) Plaintiff contends that Defendant's motion for summary judgment should be denied because he exhausted all of his remedies and because the undisputed facts show that Defendant used excessive force against Plaintiff. (ECF No. 22, at 2-3.)

In this case, based on the evidence before the Court, a reasonable fact-finder could not conclude that Plaintiff exhausted his available administrative remedies before filing this action. It is undisputed that CDCR has a three-level process in place to review administrative appeals filed by inmates. Further, it is undisputed that, on or about August 7, 2017, Plaintiff submitted his only appeal, Appeal No. WSP-O-17-03299, which contended that, on September 10, 2016, Plaintiff was brutally beaten by Defendant Tate for no reason. However, Plaintiff's Appeal No. WSP-O-17-03299 was screened out and cancelled as untimely at the second level. While the second level of review cancellation notice informed Plaintiff that he could file a separate appeal challenging the decision to cancel Appeal No. WSP-O-17-03299, Plaintiff instead chose to submit Appeal No. WSP-O-17-03299 to the third level of review. The undisputed evidence establishes that, on October 19, 2017, the third level of review rejected Appeal No. WSP-O-17-03299 because Plaintiff was attempting to submit an appeal which had been cancelled without first overturning the cancellation decision. The third level of review also reminded Plaintiff that he could separately appeal the cancellation of Appeal No. WSP-O-17-03299. Finally, the evidence before the Court shows that Plaintiff did not separately appealed the cancellation of Appeal No. WSP-O-17-03299.

In his unsworn opposition, Plaintiff asserts that "not only did the plaintiff exhausts (*sic*) all remedies, the plaintiff also exhausted remedies in the form of a 602 Appeal complaint with the Appeals coordinator with 'mental health' for mental pain and anguished (*sic*)." (ECF No. 22, at 2-3.) However, "[p]roper exhaustion … means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90 (emphasis in original). With regards to Appeal No. WSP-O-17-03299, the only evidence before the Court demonstrates that Appeal No. WSP-O-17-03299 was not fully and properly exhausted because the appeal was cancelled at the second level of review and Plaintiff never submitted a separate appeal challenging the cancellation decision. Vaughn v. Hood, 670 F. App'x 962, 963 (9th Cir. 2016) (holding that a district court properly dismissed an action "because it is clear from the face of the complaint and its attachments that Vaughn failed to exhaust his available administrative remedies by failing to appeal separately the third-level cancellation decision."); see Cal. Code Regs., tit. 15, § 3084.1(b) ("[A] cancellation … decision does not exhaust administrative

9

remedies.") Therefore, as Plaintiff has failed to submit any evidence to the Court showing that he filed a separate cancellation appeal, that his separate cancellation appeal was granted, and he received a decision on the merits of Appeal No. WSP-O-17-03299 from the third level of review, Plaintiff has failed to establish a genuine issue of material fact regarding whether he fully and properly exhausted Appeal No. WSP-O-17-03299. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3) (providing that, generally, a third level of review decision on the merits of an inmate appeal exhausts an inmate's administrative remedies as to the issues raised in that appeal).

Plaintiff contends that he exhausted his administrative remedies by filing a 602 Appeal for mental pain and anguish. However, Plaintiff has failed to provide the Court with any evidence demonstrating that he filed a mental pain and anguish appeal and that this appeal related to the claim of excessive force on September 10, 2016 by Sergeant Tait. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (stating that a grievance is detailed enough to satisfy the PLRA exhaustion requirement when the grievance "alerts the prison to the nature of the wrong for which redress is sought."); see Cal. Code Regs. tit. 15, § 3084.2(a)(3)-(a)(4) (stating that inmates "shall list all staff member(s) involved and shall describe their involvement in the issue" and "shall state all facts known and available to" them in their inmate appeal). Further, even if Plaintiff's mental pain and anguish appeal included enough information about the September 10, 2016 incident with Sergeant Tait to satisfy the PLRA exhaustion requirement, Plaintiff has not produced any evidence showing that he properly exhausted his mental pain and anguish appeal by obtaining a decision on the merits of the appeal from the third level of review. Woodford, 548 U.S. at 90; see Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3) (providing that, generally, a third level of review decision on the merits of an inmate appeal exhausts an inmate's administrative remedies as to the issues raised in that appeal). The sole evidence before the Court is that Plaintiff filed a single appeal, WSP-O-17-03299, at WSP that concerned the conduct at issue here and his appeal was cancelled as untimely. Therefore, Plaintiff has failed to establish a genuine issue of material fact as to whether his CDCR Form 602 appeal for mental pain and anguish fully and properly exhausted his administrative remedies regarding his excessive force claim against Defendant Tait. Taylor v. List, 880 F.2d 1040, 1045 ("A summary judgment motion cannot be defeated by relying solely on

10

conclusory allegations unsupported by factual data.") (citation omitted). Consequently, Defendant has met his initial burden of proving that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Albino, 747 F.3d at 1172.

Accordingly, the burden now shifts to Plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The Court finds that Plaintiff has not met this burden because Plaintiff has not produced any evidence showing that something in his specific case made the generally available administrative remedies effectively unavailable to him. Instead, Plaintiff argues that the Court should deny Defendant's motion for summary judgment because the undisputed facts show that Defendant Tait assaulted Plaintiff. However, the merits of Plaintiff's excessive force claim are not relevant to the determination of whether Plaintiff exhausted his administrative remedies prior to filing this action. See Morris v. Moghaddam, Case No. 2:13-cv-0805 KJM KJN P, 2015 WL 136033, at *10 n.3 (E.D. Cal. Jan. 9, 2015).

Therefore, Defendant has carried his ultimate burden of proving that Plaintiff failed to exhaust his available administrative remedies with regard to his excessive force claim against Defendant before he filed this action. Albino, 747 F.3d at 1166, 1172. Accordingly, Defendant's motion for summary judgment will be granted and the instant action must be dismissed without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."), overruled on other grounds by Albino, 747 F.3d 1162.

**IV.  Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Tait's motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 17), be GRANTED; and
2. The instant action be dismissed without prejudice for Plaintiff's failure to exhaust his available administrative remedies.

*\*\*\**

These Findings and Recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 2, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE